IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM MOISES TORRES,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-0905 |
| | : | |
| **BERNADETTE MASON,** *et al.,* | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 19th day of November, 2021, upon careful and independent consideration of the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. No. 2), and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice ("R&R") (Doc. No. 7), and Petitioner's Objections thereto (Doc. No. 10), I find as follows:

1. On March 26, 2009, Petitioner, William Torres, was sentenced for third-degree murder. Petitioner did not file a direct appeal, and the time to appeal expired thirty days later. See Pa. R. Crim. Proc. 720(A)(3). On January 29, 2010, Petitioner filed a motion under Pennsylvania's Post-Conviction Review Act (PCRA), which he withdrew on March 30, 2010. No further direct or collateral review occurred for the next six years, until Petitioner filed a second PCRA motion on July 20, 2016. Petitioner also filed a petition for a writ of habeas corpus in state court on December 16, 2019. See Lehigh County Court of Common Please Docket No. CP-39-CR-0003055-2008.

2. On February 25, 2021, Petitioner filed the instant petition for a writ of habeas corpus in federal court, which Judge Rice correctly found to be untimely. More than six years elapsed between Petitioner's conviction and the present habeas petition during which no collateral review proceedings were pending. See 28 U.S.C. § 2244(d)(1).

3. Petitioner objects that his state habeas petition tolled the federal statute of limitations. However, Petitioner's § 2254 petition is still untimely because the one-year period expired before Petitioner filed his state habeas petition.

4. Petitioner further objects that the failure of the state court to advise him on the record of the consequences of not appealing his conviction violated his due process rights. This is an argument on the merits, which I will not consider because the petition is untimely.

**WHEREFORE**, it is hereby **ORDERED** that:

- Petitioner's Objections (Doc. No. 10) are **OVERRULED**.
- The Report and Recommendation (Doc. No. 7) is **APPROVED** and **ADOPTED**.
- The Petition for a Writ of Habeas Corpus (Doc. No. 2) is **DENIED** and **DISMISSED WITH PREJUDICE**.
- No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because jurists of reason would not find it debatable whether the petition was timely. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).
- The Clerk of Court shall **CLOSE** this case.

BY THE COURT:

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**